UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80252-CIV-RYSKAMP/VITUNAC

RICHARD TERRY WILLIAMS,

    Plaintiff,

v.

OCEAN VIEW TITLE CO., a
Florida corporation, and BRIAN K.
KORTE, an individual,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

THIS CAUSE comes before the Court pursuant to Defendant Ocean View Title Co.'s ("Defendant") Motion for More Definite Statement, filed May 1, 2007 **[DE 6]**. Plaintiff Richard Terry Williams ("Plaintiff") responded on May 3, 2007 **[DE 8]**. Defendant did not reply. This motion is ripe for adjudication.

Plaintiff brings this action for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 207. Defendant moves to dismiss the Complaint on the grounds that Plaintiff fails to allege the specific provisions of 29 U.S.C. § 207 upon which he relies. Fed. R. Civ. P. 12(e) provides for motions for more definite statements when a complaint is so vague or ambiguous that a defendant cannot frame a responsive pleading. The Court has reviewed the Complaint and has concluded that Plaintiff has stated a cause of action for

unpaid overtime that accrued during the course of his employment. Plaintiff sets forth the dates upon which he was employed, alleges that Defendant is an employer covered by the statute, alleges that he regularly worked more than 40 hours in a given week for which he was not properly compensated, and cites the relevant statute under which he seeks relief. The Federal Rules require no more. In <u>Chao v. Rivendell Woods, Inc.</u>, 415 F.3d 342, 348 (4th Cir. 2005), the Court ruled that Rule 8's "simplified notice pleading standard" was satisfied where the employee alleged violations of the Fair Labor Standards Act by stating that the employer was covered by the Act, that the employees allegedly worked overtime and were identified merely as supervisors in charge, that the employer "repeatedly violated" the overtime provisions of the statute, described the manner of the violations, and alleged that they violations occurred within the statute of limitations. Also, in <u>Hodgson v. Virginia Baptist Hospital, Inc.</u>, 482 F.2d 821, 822 (4th Cir. 1973), the Court concluded that the complaint need not specify the names of the aggrieved employees, their wages, the weeks in which the employees were entitled to overtime pay, or the particular records that the employer failed to maintain.

Counsel for Defendant also failed to comply with Local Rule 7.1 in failing to confer with opposing counsel prior to the filing of this motion. Failure to comply with the requirements of this rule is sufficient cause for the denial of the motion as well as imposition of an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee. <u>See</u> Local Rule 7.1(A)(3). Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss, filed May 1, 2007 **[DE 6]**, is DENIED. Counsel for Defendant is liable for Plaintiff's reasonable expenses, including attorney's fees, incurred in defending this motion.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this ___ day of June, 2007.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE